## COMPTON HILL IMPROVEMENT COMPANY et al., Respondents, v. MARY J. GARVEY et al., Appellants.

St. Louis Court of Appeals. Submitted on Briefs November 9, 1911. Opinion Filed December 5, 1911.

CORPORATIONS: Expiration of Charter: Rights of Reorganized Corporation: Enforcements of Building Restrictions. Where the charter of a corporation, which had laid out a residence subdivision according to a general plan of improvement and imposed building restrictions on the lots therein, expired by limitation and a new corporation under the same name and which succeeded to all of the rights of its predecessor was created in the following month, the latter corporation could maintain an action to enforce covenants providing for such building restrictions contained in deeds executed by it.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher*, Judge.

AFFIRMED.

*Lyon & Swarts* and *Dwight D. Currie* for appellants.

*Edw. C. Kehr* for respondents.

REYNOLDS, P. J.—This case was tried along with that of Compton Hill Improvement Company v. Strauch, *ante*. The facts in the two cases are alike. The briefs of counsel in the two cases are alike, with this difference: that in this case counsel for appellants make the point that the trial court erred in overruling appellants' objection to the introduction of any testimony in so far as the respondent Compton Hill Improvement Company was concerned because, as it is alleged, the charter or corporate rights of the Compton Hill Improvement Company, one of the plaintiffs in each case, appear to have expired on the 25th of May, 1898, and the deed under which defendants claim was made after that date. We fail to appreciate the force of this point. The evidence conclusively and without contradiction shows that while the first corporation known as the Compton Hill Improvement Company did expire by limitation of its charter in May, 1898, a new corporation, under which these defendants claim, was incorporated under the very same name in June of that year and succeeded to all the rights of its predecessor, and that its deeds contained the same restrictions as were in those of its predecessor. For the reasons stated in the opinion in the case of Compton Hill Improvement Company et al. v. Strauch, *supra*, the judgment of the circuit court in this case is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.